# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JAMES HARRISON                                                            PLAINTIFF

v.                                      CIVIL ACTION NO. 5:19-CV-P75-TBR

LISA CRICK et al.                                                   DEFENDANTS

## MEMORANDUM OPINION

Plaintiff James Harrison filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff is a convicted prisoner currently incarcerated at the Kentucky State Penitentiary (KSP), who, in the past, has been housed in various other facilities, some of which are located in the Eastern District of Kentucky. His complaint named more than 100 Defendants. The Court, by prior Orders, severed Plaintiff's claims against Defendants residing in the Eastern District of Kentucky. *See* DNs 12 & 13. The remaining 36 Western District Defendants are located at either KSP or the Luther Luckett Correctional Complex (LLCC). The Defendants at LLCC are Dagon Moon, Timothy Forgy, Scott Jordan, Jennifer Bowlersock, Karen Wilder, Michelle Heightchew, Joseph Reno, David E. Crawford, Sherri Gissinger, Benjamin Harlan, Charles Risinger, Marcus Benjamin, Jonathan Kimbrell, Sarita Schoenbachler, and Cody Pittman. The Defendants employed at KSP are Jesse Coombs, Lisa Crick, Harry Vension, Randy White, Brendan Inglish, Steven Birdsong, Harlan R. Martin, Dan Smith, Jesse R. Jenkins, James R. Beeler, W. Sanders, Brittany Fralex, William Simpson, James B. Harris, James C. Smith, Linda

Comick, T. Whatley, R. O'Dell, Carl McLevain, J. Higgins, and John and Jane Does. The facts pertinent to the Western District Defendants will be summarized in conjunction with the analysis of the claims against them below.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Statute of limitations*

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th

Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and [ ] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183 (internal quotation marks and citation omitted). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff's complaint is considered filed on May 15, 2019.[1] The Court therefore finds that Plaintiff's allegations concerning actions or events predating May 15, 2018, are barred by the statute of limitations. According to the complaint, Plaintiff was not housed in the Western District during the one-year prior to filing his complaint until he was transferred from the Little Sandy Correctional Complex (LSCC) to the LLCC on February 7, 2019. From there, he was transferred to KSP on May 15, 2019. Both LLCC and KSP are located within the Western District of Kentucky. Thus, the only claims alleged by Plaintiff that are within the one-year statute of limitations period and within the Western District of Kentucky occurred between February 7, 2019, and May 15, 2019. The claims against the Western District Defendants arising before his transfer to the Western District on February 7, 2019, are time-barred and will be time barred. These time-barred claims include Plaintiff's claims against Defendants Warden Randy White, Lisa Crick, Brendan Inglish, Dan Smith, Jesse Jenkins, Linda Comick, Jesse Coombs,

---

[1] Under the "prisoner mail-box" rule recognized by the Supreme Court, a prisoner's complaint is deemed filed on the date on which the prisoner certifies that he placed his complaint in the prison's mail system. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*) (extending *Houston* to civil complaints).

T. Whatley, R. O'Dell, and Harlan R. Martin, all of which relate to Plaintiff's incarceration at KSP before he was transferred to the Eastern Kentucky Correctional Complex in March 2018.[2]

***Claims against LLCC Defendants Schoenbachler and Wilder***

Plaintiff alleges that on February 8, 2019, nurse supervisor LLCC Defendant Schoenbachler discontinued his recently prescribed medications and orders for a bottom bunk and wedge pillow. Plaintiff alleges that Defendant Schoenbachler urged Defendant Wilder to destroy the pillow wedge "and kept most my property and files." Plaintiff states ten paragraphs later in the complaint that on March 13, 2019, while still housed at LLCC, he was rushed to the hospital when his "oxygen level dropped[.]" He states that on March 17, 2019, he was returned from the hospital to LLCC "and placed back into the same environmental hazardous wing condition with the backed up sewage on the floor, lingering in the air, and gnats flying throughout the wing area." He does not allege that his trip to the hospital was related to the denial of medication, pillow wedge, or bottom bunk.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff's allegations fail to state an Eighth Amendment deliberate indifference claim because nothing in the complaint links Defendant Schoenbachler's alleged denial of medicine, a pillow wedge, or a bottom bunk to his hospitalization approximately five weeks later.

---

[2] Once Plaintiff was transferred from KSP in March 2018, he remained incarcerated in the Eastern District until he was transferred to LLCC on February 7, 2019.

4

Regarding his property and files, a prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (per curiam). Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). Consequently, to the extent that Plaintiff alleges a due-process claim regarding deprivation of his property against Defendants Schoenbachler and Wilder, it must be dismissed.

***Claim against LLCC Defendant Forgy***

Plaintiff alleges that on February 25, 2019, Defendant Forgy confronted Plaintiff with a weeks' worth of Plaintiff's "privilege mail . . . addressed to various courts, counsels and other state agencies laid tore opened on the table." Plaintiff states that Defendant Forgy accused him of violating prison rules by providing legal advice to other inmates housed at other facilities and signing their names on pleadings without their knowledge. Plaintiff also alleges that Defendant Forgy "made an indirect perceived death threat."

Although Plaintiff alleges that his privileged mail was opened, he states that it was done so as part of an investigation. Plaintiff does not have a constitutional right to be free from prison investigations into alleged misconduct. *See, e.g.*, *Walker v. Coffee*, No. 1:18 CV 1965, 2019 WL 998809, at *4 n.4 (N.D. Ohio Mar. 1, 2019) ("[A] prisoner does not have a constitutional right to be free from erroneous allegations of misconduct.") (citing cases).

The allegation that Defendant Forgy made an indirect threat also does not state a constitutional claim. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

However, harassing or threatening language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *See, e.g.*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"). Consequently, the claims against Defendant Forgy will be dismissed.

***Claims against LLCC Defendants Reno and Jordan***

Plaintiff alleges that Defendant Reno, an LLCC inmate, delayed, rejected, lost or destroyed many of Plaintiff's grievances. Plaintiff alleges that he mailed complaints about Defendant Reno's action to Defendant Jordan, the Warden of LLCC, and that on April 1, 2019, Defendant Jordan placed Plaintiff on grievance restriction.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x. 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

Thus, where, as here, the only allegations against a defendant relates to the denial/rejection of a grievance or a restriction on grieving, Plaintiff fails to state a § 1983 claim upon which relief may be granted.

***Claim against LLCC Defendant Heightchew***

Plaintiff alleges that Defendant Heightchew conspired and acted with other state agents to harass Plaintiff with regard to rejection of his grievances.

As stated above, Plaintiff does not have a § 1983 claim regarding the rejection of his grievances.

Nor does Plaintiff state a conspiracy claim. To state a claim of civil conspiracy under § 1983, a plaintiff must show that there was a single plan, that the coconspirators shared in the objective of the conspiracy, violating the plaintiff's constitutional rights, and that an overt act was committed in furtherance of the conspiracy. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 566 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy"); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (indicating that "'[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The Court therefore finds that Plaintiff's conspiracy claim does not survive initial review.

*Claims against LLCC Defendant Moon*

Plaintiff alleges that Defendant Moon ordered Plaintiff to open his "previous out-going privilege mail . . . that had be signed out the day before," thereby forcing Plaintiff to repackage the mail. He also alleges that Defendant Moon was responsible for administration of the legal aide program and gave him a "Memorandum of Restricted Access." Plaintiff further accuses Defendant Moon of rejecting various of his grievances; restricting his ability to make copies unless the copies were going to the court; and, on one occasion, becoming irate and yelling at him.

As already explained, Plaintiff does not state a § 1983 claim based on rejection of his grievances or on a state actor being irate or yelling at him. Nor does Plaintiff state a claim based on his having to repackage his mail or having his access to a legal aide restricted. To state a claim that his access to courts has been denied, Plaintiff must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 356 (1996) (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Plaintiff does not do so, and his allegations related to restrictions on copies and legal aides fail to state a claim.

*LLCC Defendant Gissinger*

Plaintiff states that he mailed complaints to Defendant Gissinger, the LLCC Americans with Disabilities Act Coordinator, about various things. Simply alleging that a complaint was made to a prison official does not state a constitutional claim against that Defendant.

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Loy v. Sexton*, 132 F. App'x. 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).

Plaintiff fails to allege that this Defendant was directly involved in any alleged wrongdoing. Consequently, Plaintiff fails to state a claim against Defendant Gissinger.

***Claim against LLCC Defendant Risinger***

Plaintiff alleges that on April 19, 2019, Defendant Risinger interrogated him "about his wife Tyna Risinger and Plaintiff filing grievances." He also states that thereafter Defendant Risinger commenced an investigation of a disciplinary report charging Plaintiff with refusing or failing to obey an order.

Plaintiff's allegations of interrogation and commencing an investigation do not state a claim under § 1983 because a prisoner has no constitutional right to be free from accusations, even false ones, of misconduct. *See Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003).

*Claim against LLCC Defendant Kimbrell*

Plaintiff alleges that Defendant Kimbrell conducted a supervisor's review of a disciplinary report but never assigned an investigator to investigate as required "per regulatory mandate."

"An alleged failure to comply with a state law, prison rule, or regulation, standing alone, does not state a claim under § 1983." *Bradbury v. Hammond*, No. 2:13-CV-13376, 2013 WL 4521117, at *2 (E.D. Mich. Aug. 27, 2013) (citing cases). Additionally, "to the extent that [] Plaintiff asserts that [] Defendant violated his rights by failing to investigate his assertions of factual innocence, the Plaintiff has not stated a cognizable [§ 1983] claim." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 455 (M.D. Tenn. 2018). Consequently, the claim against Defendant Kimbrell will be dismissed.

*Claim against LLCC Defendant Bowlersock*

Plaintiff alleges that Defendant Bowlersock was "scheduled to act as staff counsel for the month of May 2019 and Plaintiff is presently awaiting an adjustment hearing." Plaintiff has failed to allege a constitutional violation, or indeed any action, by this Defendant. This claim will be dismissed.

*Claim related to being transferred to KSP by Doe Defendants*

Plaintiff alleges that on May 15, 2019, he was transferred by Doe Defendants "without advance notice or other due process under the regulations." First, as already explained, a Defendant does not violate the Constitution simply by violating prison regulations. *See Bradbury v. Hammond*, 2013 WL 4521117, at *2 ("[T]o the extent that Plaintiff alleges a violation of state law or prison policy, []he fails to state a claim upon which relief may be granted under § 1983."). Moreover, a prisoner has no constitutional right to remain in a

particular institution or to be transferred from one institution to another. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Nor does Kentucky law provide prisoners with any liberty interest in remaining in one particular place of confinement. *See* Ky. Rev. Stat. §§ 196.070(1), 197.065 (granting Kentucky Department of Corrections discretion to decide where to place or transfer prisoners). This claim will be dismissed.

***Claims against KSP Defendants Harris and Vension***

Plaintiff alleges that, upon arriving at KSP on May 15, 2019, most of his legal files were confiscated by Defendant Harris "along with a few other personal items." He further alleges that when he "stated he wanted to contest those items, [Defendant] Vension threated DR if Plaintiff did[;] Plaintiff states he would opt for the 45 days to mail the property out of KSP." Plaintiff also alleges that an inventory search was conducted by Defendant Vension and Defendant Harris in violation of regulations and that Defendant Vension ordered Plaintiff to wear an orange vest knowing that it would place Plaintiff on certain restrictions including access to the law library in violation of regulatory and state law.

As noted above, the violation of state law and prison regulations does not state a § 1983 claim. Regarding the confiscation of his property, prisoners do not have a constitutional right to maintain an unlimited amount of property in their cells. *See Friend v. Chapleau*, No. 95-5628, 1995 WL 607835, at *2 (6th Cir. Oct. 13, 1995) (holding that a prisoner does not have a constitutional right to possess unlimited amounts of legal property); *see also Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *2 (10th Cir. Mar. 14, 2006) (recognizing the distinction between the right to own property and the right to possess it while in prison and holding that, when a prisoner was allowed to send his property to another location, he was not deprived of property). The claims against these Defendants will be dismissed.

*Remainder of Western District Defendants*

Plaintiff's complaint contains no allegations against or makes only the most cursory reference to the remainder of the Western District Defendants.[3] Some factual basis for a claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must also explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendants Steven Birdsong, James Beeler, W. Sanders, Brittany Fralex, William Simpson, James C. Smith, Carl McLevain, Cody Pittman, Benjamin Harlan, David E. Crawford, Marcus Benjamin, and J. Higgins. As such, these claims must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed for failure to state a claim upon which relief may be granted.

Date: September 11, 2019

**Thomas B. Russell, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009

---

[3] For example, on page 46 of the complaint, Plaintiff asserts that Defendants James Beeler, Brittany Fralex, William Simpson, James Smith, and others "acted in various roles and will be further developed in this litigation."