JOHN HARRISON                                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:19-CV-P75-TBR

LISA CRICK et al.                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On September 12, 2019, this Court dismissed the instant *in forma pauperis* 42 U.S.C.

§ 1983 action on initial review for failure to state a claim upon which relief may be granted.

*See* DNs 15 and 16.  Before the Court are *pro se* Plaintiff's motion for reconsideration (DN 17)

and "Status Report Requesting Immediate Relief" (DN 18).

Because Plaintiff's motion to reconsider was brought within 28 days of entry of the final

Order in this case, the Court considers it to be one brought under Fed. R. Civ. P. 59(e).

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within

28 days of its entry.  "A district court may alter or amend a judgment under Civil Rule 59(e) to

correct a clear error of law; account for newly discovered evidence or an intervening change in

the controlling law; or otherwise prevent manifest injustice."  *Heil Co. v. Evanston Ins. Co.*, 690

F.3d 722, 728 (6th Cir. 2012).  Rule 59(e) motions should be granted sparingly.  *Philadelphia*

*Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 655 (W.D. Ky. 2012).  Rule 59(e)

motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and

facts previously presented."  *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D.

Pa. 1991).  Nor is its purpose to submit evidence or a claim which should have been previously

submitted.  *Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007); *Boryan v. United*

*States*, 884 F.2d 767, 771 (4th Cir. 1989).

On initial review pursuant to 28 U.S.C. § 1915A, the Court found that many of Plaintiff's claims were barred by the one-year statute of limitations governing § 1983 actions in Kentucky. In his motion to reconsider, Plaintiff argues that the applicable statute of limitations is five years as provided by Ky. Rev. Stat. § 413.120(2). Plaintiff is incorrect. *See, e.g.*, *Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15-CV-00476-JHM, 2016 WL 1241540, at *8 (W.D. Ky. Mar. 28, 2016) (noting that the Sixth Circuit in *Collard* "squarely rejected" the argument that the five-year limitations period provided in Ky. Rev. Stat. § 413.120 applies in a § 1983 action).

Elsewhere, Plaintiff argues that conspiracy under Kentucky law may be proven by circumstantial evidence and makes other arguments regarding Kentucky statutory and regulatory law. Essentially, he reiterates assertions made in his complaint. The Court found on initial review that Plaintiff's allegations of conspiracy are too vague, conclusory, and unsupported by material facts to sustain a § 1983 claim, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007), and that alleging violations of prison regulations or state law does not state a constitutional claim. *Bradbury v. Hammond*, No. 2:13-CV-13376, 2013 WL 4521117, at *2 (E.D. Mich. Aug. 27, 2013) ("An alleged failure to comply with a state law, prison rule, or regulation, standing alone, does not state a claim under § 1983.").

"A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996) (citations and internal quotation marks omitted). Plaintiff has offered nothing here to demonstrate that this Court's decision was not factually supported or legally justified given the facts as presented in his complaint. While Plaintiff may disagree with the

outcome of his case, such disagreement does not support a motion for reconsideration. Consequently,

      **IT IS ORDERED** that Plaintiff's motion to reconsider (DN 17) is **DENIED**.

      In his "Status Report Requesting Immediate Relief," Plaintiff asks the Court to prohibit "Defendants unlawful acts in furtherance of their on-going campaign of retaliation and intentional infliction of emotional distress." He refers to an October 2019 incident of being placed in disciplinary segregation and a November 2019 detention order from prison officials. This "Status Report," which the Court interprets to be a motion for relief, was filed after this action had been dismissed and refers to incidents which postdate the dismissal of this action. Accordingly,

      **IT IS ORDERED** that the motion (DN 18) is **DENIED as moot**.

Date: February 3, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
4413.009